DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TAMMY LYNN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-3126

[August 30, 2023]

Appeal from the County Court for the Nineteenth Judicial Circuit, Indian River County; Nicole Menz, Judge; L.T. Case No. 312022MM000803A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Tammy Lynn appeals the judgment and sentence entered after a jury trial. Appellant challenges the constitutionality of the six-person jury that convicted her and the imposition of a $100.00 public defender fee exceeding the statutory $50.00 minimum. Appellant failed to preserve the former issue, and we have already rejected this issue on the merits. *See Albritton v. State*, 360 So. 3d 1145, 1147 (Fla. 4th DCA 2023); *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied*, No. SC22-1597, 2023 WL 3830251 (Fla. June 6, 2023). We thus affirm on this issue without further discussion. On the latter issue, however, we agree that the trial court erred in imposing a $100.00 public defender fee and thus reverse and remand with instructions.

**Background**

Appellant was charged with one count of resisting a law enforcement officer without violence. She proceeded to a jury trial, was convicted, and was sentenced to ten days in jail. The trial court also announced that the State was requesting a $25 dollar investigation cost, and a $100

prosecution cost. Appellant agreed to pay those costs, which were the only costs or fees discussed before the court pronounced sentence, at which time it added additional fees and costs, including "a one hundred dollar ($100) Public Defender fee."

The trial court did not ask Appellant if she consented to any fees or costs apart from the investigation and prosecution costs. Nor did the court make any findings concerning the fees or costs incurred. Shortly after sentencing, Appellant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, seeking to set aside the public defender fee, "unless and until th[e] Court complies with the requirements for [its] imposition." The trial court held a hearing on the motion and denied it. This appeal timely followed.

## Analysis

Appellant contends the trial court erred in imposing a public defender fee exceeding the $50.00 statutory minimum for a misdemeanor offense. *See* § 938.29(1)(a), Fla. Stat. (2021). Appellant requests we reverse and remand for entry of a $50.00 public defender fee. We review a motion to correct sentencing error *de novo*. *Guadagno v. State*, 291 So. 3d 962, 962 (Fla. 4th DCA 2020).

To impose public defender fees exceeding the statutory minimum, the record must contain a "showing of sufficient proof of higher fees or costs incurred." § 938.29(1)(a), Fla. Stat. (2021). However, an "award of public defender fees need not be supported by evidence if a defendant affirmatively agrees to pay the requested amount." *Rivera v. State*, 336 So. 3d 738, 740 (Fla. 4th DCA 2022). Where a trial court imposes additional public defender fees without the defendant's consent and absent supporting evidence or factual findings, we have reversed and remanded with instructions for the trial court to either reduce the amount "to the statutory minimum or hold a hearing to justify the increase." *Sanchez v. State*, 332 So. 3d 1, 3 (Fla. 4th DCA 2022) (quoting *Escobar v. State*, 308 So. 3d 174, 176 (Fla. 4th DCA 2020)).

Here, the record shows Appellant affirmatively agreed only to pay the costs of investigation and prosecution. Imposition of the $100.00 public defender fee without evidentiary support was thus error.

## Conclusion

We affirm the judgment and sentence, except for the cost error discussed above. We therefore reverse the public defender fee and remand for the trial court to impose a $50.00 fee in accordance with section

938.29(1)(a), Florida Statutes (2021), or to impose a higher fee if sufficient findings are made.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

KLINGENSMITH, C.J., CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***